IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

COREY HARRELL,

    Petitioner,

v.

    Civil Action No. 17-1211-RGA

DANA METZGER, Warden, and
ATTORNEY GENERAL OF THE STATE
OF DELAWARE,

    Respondents.

## **MEMORANDUM**

Presently pending before the Court is Petitioner Corey Harrell's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (D.I. 1) In March 2015, Petitioner was convicted of second degree murder and possession of a firearm during the commission of a felony. (D.I. 1 at 1) Petitioner did not appeal that conviction. (D.I. 1 at 2) Petitioner filed the instant Petition in August 2017 challenging his 2015 conviction. (D.I. 1 at 5-9) The Petition asserts that Petitioner filed a Rule 61 motion in the Superior Court, which was denied, and that his post-conviction appeal is still pending before the Delaware Supreme Court. (D.I 1 at 5, 8, 12)

A federal district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. A petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for his habeas claims by "fairly presenting" the substance of the claims to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider them on the merits. *See* 28 U.S.C.

§ 2254(b)(1)(A); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).

Given Petitioner's statements about his pending post-conviction appeal, it plainly appears that Petitioner has not yet exhausted state remedies.[1] Accordingly, the Court will summarily dismiss Petitioner's § 2254 Petition without prejudice. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order follows.

Dated: October 1*1*, 2017

Richard G. Andrews
UNITED STATES DISTRICT JUDGE

---

[1] Habeas petitions filed pursuant to 28 U.S.C. § 2254 must be filed within a one-year limitations period. Petitioner is responsible for determining the events that trigger and toll the limitations period.